# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

Lawrence Blue
378 Seaview Ave.
Bridgeport, Connecticut 06607

CASE NO. 3:02cr132JCH

James Finnerty, Assistant U.S. Attorney

SSN: 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          DOB: 7/13/77

Terrance Ward, AFPD
Defendant's Attorney

The defendant pled guilty to count one of an indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count one, which involves the following offense:

Title & Section: **18:922(g)(1) & 924(a)(20)**          Count: **one**
Nature of Offense: **Possessing a Firearm After previously Having Been Convicted of a Felony**
Date Offense Concluded: **1/1/02**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

<u>The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: ninety two months on count one of the indictment. The term of incarceration shall run concurrent to the fifty four month state sentence. Upon release from custody, the defendant shall be on supervised release for a term of three years. In addition to the Standard Conditions of Supervised Release, the following Special Conditions of Supervised Release are imposed: The defendant shall participate in a substance abuse treatment program, either inpatient or outpatient, as approved by the probation officer, which may include testing to determine if the defendant has used drugs or alcohol. The defendant shall pay all, or a portion of, the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer. The defendant shall obtain mental health counseling, either inpatient or outpatient, as approved by the probation officer. The defendant shall pay all, or a portion of, the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer. The court recommends to the Bureau of Prisons: The defendant shall participate in the five hundred hour drug rehabilitation program. The defendant shall participate in any mental health programs that are available. The defendant shall be incarcerated at a facility as close as possible to Bridgeport, Connecticut. The defendant is remanded to the custody of the U.S. Marshal for this district.</u>

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of probation/supervised release imposed above, it is hereby Ordered that the general conditions of probation/supervised release set out on the reverse side be imposed.

<u>It is ordered that the defendant shall pay a Special Assessment of $100.00, for count one of the indictment, which shall be due immediately.</u>

December 23, 2002
Date of Imposition of Sentence

Date: December 26, 2002

CERTIFIED AS A TRUE COPY
ON THIS DATE 12-27-02
Kevin F. Rowe, Clerk
BY:
Deputy Clerk

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquires by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device;
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court.

---

**RETURN**

I have executed this judgment as follows:

_____

Defendant delivered on 12-28-05 to USP Lewisburg, PA, with a certified copy of this judgment.

~~John R. O'Connor~~ TROY WILLIAMSON, WARDEN
~~United States Marshal~~

By: Rose M. Rossi, L.I.E.
~~Deputy Marshal~~

re. 6/27/02